IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02627-GPG

ANTOINE BRUCE,

      Plaintiff,

v.

FEDERAL BUREAU OF PRISONS, and
F. DAVIS,

      Defendants.

---

## ORDER DIRECTING PLAINTIFF TO AMEND THE COMPLAINT

---

Plaintiff Antoine Bruce is in the custody of the Federal Bureau of Prisons (BOP) and currently is incarcerated at the United States Penitentiary in Florence, Colorado. Plaintiff initiated this action by filing *pro se* a Prisoner Complaint.

The Court must construe the Complaint liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110.

Plaintiff, on three or more occasions, has brought an action that was dismissed on the grounds that it failed to state a claim or was frivolous. *See Bruce v. Coulter, et al.*, No. 14-cv-00210-LTB (D. Colo. Apr. 23, 2014) (dismissed as malicious under 28 U.S.C. § 1915(e)(2)(B)(i)) (unpublished); *Bruce v. Denney*, No. 14-cv-03026-SAC (D. Kan. Apr. 2, 2014) (dismissed for failure to state a claim and as legally frivolous) (unpublished); *Bruce*

1

*v. C. Wilson, et al.*, No. 13-cv-00491-WJM-CBS (D. Colo. Nov. 4,2013) (a Fed. R. Ci. P.

12(b)(6) dismissal).   In relevant part, § 1915 provides:

> In no event shall a prisoner bring a civil action or
> appeal a judgment in a civil action or proceeding under this
> section if the prisoner has, on 3 or more prior occasions, while
> incarcerated or detained in any facility, brought an action or
> appeal in a court of the United States that was dismissed on
> the grounds that it is frivolous, malicious, or fails to state a
> claim upon which relief may be granted,
> unless the prisoner is under imminent danger of serious
> physical injury.

28 U.S.C. § 1915(g).

Nonetheless, based on the following, the Court will direct Plaintiff to amend the

Complaint in compliance with Fed. R. Civ. P. 8 so that the Court may determine if

Defendant Davis's actions are the cause of any imminent danger of serious physical

injury and a waiver of his filing restrictions under § 1915(g) is required.

The twin purposes of a complaint are to give the opposing parties fair notice of the

basis for the claims against them so that they may respond and to allow the Court to

conclude that the allegations, if proven, show that the plaintiff is entitled to relief.   *See*

*Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*,

891 F.2d 1473, 1480 (10th Cir. 1989).   The requirements of Fed. R. Civ. P. 8 are

designed to meet these purposes.   *See TV Communications Network, Inc. v. ESPN, Inc.*,

767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).   Rule

8(a) provides that a complaint "must contain (1) a short and plain statement of the

grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim

showing that the pleader is entitled to relief; and (3) a demand for the relief sought."   The

philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach

allegation must be simple, concise, and direct."   Taken together, Rules 8(a) and (d)(1)

underscore the emphasis placed on clarity and brevity by the federal pleading rules.

Prolix, vague, or unintelligible pleadings violate Rule 8.

Claims must be presented clearly and concisely in a manageable format that

allows a court and a defendant to know what claims are being asserted and to be able to

respond to those claims.   *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881,

883 (10th Cir. 1957).   For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that

is permissible, if the complaint concisely states facts upon which relief can be granted

upon any legally sustainable basis."   *Id.*

The Court has reviewed Plaintiff's Complaint finds that Plaintiff fails to provide a

short and plain statement of his claims in compliance with the pleading requirements of

Rule 8 of the Federal Rules of Civil Procedure.   The supporting facts in the Complaint

are repetitive, disjointed, and are not set forth in a short and concise statement.

In the Complaint, Plaintiff describes a chronological history of his life from when he

was born until 2011, when he was transferred to ADX Florence, that is unnecessary.   His

claims against the Bureau of Prisons are improper, because he may not assert a *Bivens*

claim for damages against the BOP.   *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72

(2001) (an inmate may bring a *Bivens* action against the offending individual officer but

not against the officer's employer).

The United States cannot be sued without its consent.   *Merrill Lynch, Pierce,*

*Fenner & Smith, Inc. v. Jacks*, 960 F.2d 911, 913 (10th Cir. 1992), and it has not waived

sovereign immunity for itself or its agencies under *Bivens* for constitutional tort claims.

*See Federal Deposit Insurance Corp. v. Meyer*, 510 U.S. 471, 483–86 (1994) (holding

that a *Bivens* action may not be brought against the United States); *see also Correctional Services Corp. v. Malesko*, 534 U.S. 61, 72 (2001) (recognizing that a  "prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP").

Plaintiff's claims against Defendant Davis do not support that he currently is in imminent danger of serious physical injury.   Plaintiff is required to provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury."   *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (emphasis added).   Vague or conclusory allegations of harm are insufficient.   *White v. Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998).   Plaintiff's claims do not contain the specific factual descriptions that would support these claims as violations of his constitutional rights that are likely to cause imminent serious physical injury.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion.   *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).   The Court, however, will give Plaintiff an opportunity to cure the deficiencies in the Complaint by submitting an Amended Complaint that meets the requirements of Fed. R. Civ. P. 8.

To state a claim in federal court Plaintiff must explain (1) what a defendant did to him; (2) when the defendant did it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated.   *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).

Plaintiff also is required to assert personal participation by each named defendant in the alleged constitutional violation.   *See Bennett v. Passic*, 545 F.2d 1260, 1262-63

4

(10th Cir. 1976).   To establish personal participation, Plaintiff must show in the Cause of

Action section of the complaint form how each named individual caused the deprivation of

a federal right.   *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).   There must be an

affirmative link between the alleged constitutional violation and each defendant's

participation, control or direction, or failure to supervise.   *See Butler v. City of Norman*,

992 F.2d 1053, 1055 (10th Cir. 1993).

Furthermore, a defendant may not be held liable for the unconstitutional conduct of

his or her subordinates on a theory of respondeat superior.   *See Ashcroft v. Iqbal*, 556

U.S. 662, 676 (2009).   Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for
> conduct "arising from his or her superintendent
> responsibilities," the plaintiff must plausibly plead and
> eventually prove not only that the official's subordinates
> violated the Constitution, but that the official by virtue of his
> own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at

677).   Therefore, in order to succeed in a § 1983 suit against a government official for

conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and

demonstrate that: "(1) the defendant promulgated, created, implemented or possessed

responsibility for the continued operation of a policy that (2) caused the complained of

constitutional harm, and (3) acted with the state of mind required to establish the alleged

constitutional deprivation."   *Id*. at 1199.

Plaintiff also cannot maintain claims against prison officials or administrators on

the basis that they denied his grievances.   The "denial of a grievance, by itself without

any connection to the violation of constitutional rights alleged by plaintiff, does not

establish personal participation under § 1983."   *Gallagher v. Shelton*, 587 F.3d 1063,

1069 (10th Cir. 2009); *see also Whitington v. Ortiz*, No. 07-1425, 307 F. App'x. 179, 193

(10th Cir. Jan. 13, 2009) (unpublished) (stating that "the denial of the grievances alone is

insufficient to establish personal participation in the alleged constitutional violations.")

(internal quotation marks and citation omitted); *Davis v. Ark. Valley Corr. Facility*, No.

02-1486, 99 F. App'x. 838, 843 (10th Cir. May 20, 2004) (unpublished) (sending

"correspondence [to high-ranking prison official] outlining [a] complaint . . . without more,

does not sufficiently implicate the [supervisory official] under § 1983").

Accordingly, it is

ORDERED that within thirty days from the date of this Order Plaintiff shall file an

Amended Complaint that complies with this Order.   It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner

Complaint form (with the assistance of his case manager or the facility's legal assistant),

along with the applicable instructions, at www.cod.uscourts.gov, to be used in filing the

Amended Complaint.   It is

FURTHER ORDERED that if Plaintiff fails to comply with this Order within the time

allowed the Court may dismiss the action without further notice.   It is

FURTHER ORDERED that the only proper filing at this time is an Amended

Complaint that complies with this Order.

DATED December 15, 2015, at Denver, Colorado.

BY THE COURT:



_____

Gordon P. Gallagher
United States Magistrate Judge